UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LUDWIG DISTRIBUTING**
**COMPANY, INC. and MCBRIDE**
**DISTRIBUTING COMPANY, INC.**                      **PLAINTIFFS**

v.                      **CASE NO. 5:10-CV-33 BSM**

**PABST BREWING COMPANY,**
**HEINEKEN USA INC.,**
**CROWN IMPORTS, LLC**
**THE BOSTON BEER COMPANY, and**
**C.R. FORTUNE BEER COMPANY**                     **DEFENDANTS**

## ORDER

Plaintiffs Ludwig Distributing Company, Inc. ("Ludwig") and McBride Distributing Company ("McBride") request remand of this case to the circuit court of Arkansas County, Arkansas (Doc. No. 6). Plaintiffs' motion to remand is granted.

For diversity jurisdiction to exist, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs," and be between "citizens of different States." 28 U.S.C. § 1332(a)(1). When federal jurisdiction is in doubt, "[f]ederal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' . . .." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

In their notice of removal, defendants recognize that defendant C.R. Fortune Beer Company ("Fortune") is an Arkansas corporation. Notice of removal, ¶ 7. Plaintiffs are both Arkansas entities. *Id*., ¶ 7; complaint, ¶¶ 2-3. The parties are not diverse at present. Therefore, to avoid remand, the defendants must prove that Fortune has been fraudulently

joined. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). (Cite case law).

Plaintiffs state a valid breach of contract action against Fortune in the complaint (Doc. No. 2) and the amended complaint (Doc. No. 5). Plaintiffs contracted to purchase beer distribution rights from Fortune. Contract of sale, Notice of removal (Doc. No. 1), Exhibit I. While defendants may maintain that plaintiffs fail to allege how Fortune has breached or failed to perform any terms of the contract, plaintiffs allege that Fortune "has not completed all of its obligations under the contract, i.e. has not transferred the brands that are the subject of this action to plaintiffs." Complaint, ¶ 38. As alleged, plaintiffs' claim for specific performance has a reasonable basis in fact and law. *Filla*, 336 F.3d at 810. There is no evidence that the claim is frivolous, and thus Fortune is properly joined as a defendant in this case. Further, there is no evidence that Fortune is an unnecessary party. Therefore, this court lacks diversity jurisdiction, and removal jurisdiction cannot be exercised over this matter.

Accordingly, plaintiffs' motion to remand (Doc. No. 6) is granted and this case is remanded to the circuit court of Arkansas County, Arkansas.

Plaintiffs' motion for attorney's fees and costs is denied.

IT IS SO ORDERED this 12th day of February, 2010.

                                                                                                              */s/ Brian S. Miller*
                                                                                            UNITED STATES DISTRICT JUDGE